EL PUEBLO, DEMANDANTE Y APELADO, *v.* MARTÍNEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por adulteración de leche.

No. 2061.—Resuelto en julio 19, 1923.

DELITO CONTRA LA SALUD PÚBLICA — VENTA DE LECHE ADULTERADA — OFRECIMIENTO DE VENTA—PRUEBA INSUFICIENTE.—En este caso se imputó al acusado el delito de ofrecer en venta como pura, leche de vaca adulterada con agua. La prueba se redujo a demostrar que la muestra de leche se tomó del carro en que la conducía a las 5.30 a. m. hacia Ponce, poco antes de entrar a la ciudad. *Se resolvió:* que en ausencia de prueba de algún acto por parte del acusado, cuya contemplación fuera hacer una venta, la prueba aducida no es suficiente.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Martínez Nadal, Tormes & Colón.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La ley No. 59, aprobada en marzo 10 de 1910, Leyes de ese año, página 167, prescribe que toda persona que adulterare o diluyere leche con la intención de ofrecerla a la venta, o que causare o permitiere que se ofrezca en venta,

será culpable de delito menos grave (*misdemeanor*), etc. La adulteración o dilución con cualquier idea de venta está ampliamente prevista. Asimismo se castiga la venta sin tener en cuenta la intención y de igual modo sin considerar la intención, el hecho de ofrecerla o tenerla en venta. Cuando se encuentra leche adulterada es posible para el denunciante presentar una denuncia contra el delincuente que le informe si se le ha acusado de adulterar leche con intención de venderla, o si se le acusa de vender leche o algo semejante, sin que ninguna intención sea un elemento del delito. Las cortes en general y esta corte especialmente ha observado asiduamente la regla de que cuando un hombre vende leche adulterada su intención es inmaterial. Asimismo, cuando él la ofrece o la tiene en venta. Pero el derecho de un acusado a que se le impute un cargo claramente y a que la prueba siga el cargo continúa todavía siendo fundamental. Verdaderamente que como el estatuto en tales casos prescinde de la intención culpable, existe, si acaso, menos razón para prescindir de una equivalencia entre el cargo y la prueba. Si bien al redactar denuncias no se exige ninguna particularidad muy grande, sin embargo debe haber alguna exposición de hechos y el cargo debe ser probado. En este caso no tenemos necesidad de considerar la cuestión general de la diferencia de alegación que se exige en las acusaciones y denuncias, toda vez que el fiscal del Distrito de Ponce inició este caso por acusación en la Corte de Distrito de Ponce.

Alegaba la acusación que José Martínez el día 30 de septiembre de 1922, en la calle Villa, de Ponce, que forma parte de ese distrito judicial, ilegal y voluntariamente ofreció en venta como pura, leche de vaca que estaba adulterada con agua. La adulteración con la intención de vender u ofrecer en venta no se imputa al acusado, quizás porque, como es la presunción, Martínez no adulteró la leche.

No se le acusó de vender o tener en venta leche, como lo autoriza el amplio alcance del estatuto, sino única y exclusivamente de ofrecer en venta la leche adulterada.

La prueba fué que Martínez era el dueño de un carro con licencia para vender leche del mismo. El inspector que dió lugar al arresto del acusado, declaró que el acusado venía entrando a Ponce por la prolongación oeste de la calle Villa a las 5:30 a. m. pero que no había llegado a la misma ciudad de Ponce. Se demostró claramente que la leche estaba adulterada como se alegó. Al terminar el caso el gobierno, la corte declaró sin lugar una moción de absolución perentoria presentada por el acusado. El acusado ofreció prueba tendente a acreditar que él compró la leche de varias personas en el camino, que era para venderla en la ciudad de Ponce pero que siempre antes de venderla él llevaba la leche a su casa, la sometía a un examen con el lactómetro y echaba a un lado la que salía mala, y que no tuvo oportunidad de hacer esto en este caso.

Por supuesto que la corte de distrito tenía derecho a no dar crédito a todo el testimonio del acusado, pero aún así no encontramos ninguna prueba de un ofrecimiento en venta como se ha imputado. No había ningún ofrecimiento en venta, aunque puede haber habido una intención de ofrecer la leche en venta. Quizás, si el cargo hubiera sido que el acusado tenía la leche en venta, la prueba hubiera tendido a sostener la acusación, pero aun en ese caso el acusado hubiera tenido derecho a la presunción de inocencia. Cuando se encuentra a un hombre en el camino con leche que ha sido recientemente comprada y él no ha tomado alguna medida que indique que iba a venderla, dudamos seriamente si se ha establecido un caso *prima facie* por tener leche en venta. Claramente que no hay ningún ofrecimiento en venta, y en la ausencia de un ofrecimiento en venta en el camino, no podía haber tal ofrecimiento hasta que

llegara a Ponce. El gobierno cita el caso de *El Pueblo* v. *Pérez,* 23 D. P. R. 877, en apoyo de la sentencia. Ese caso es diferente en sus hechos. En él se demostró que la leche estaba en un depósito que había estado abierto todo el día y resolvimos que había la presunción cuando una persona tenía un depósito de que estaba ofreciendo en venta la leche que allí tenía. Que era únicamente una presunción y podía ser rebatida, quedó demostrado por la cita del caso de *El Pueblo* v. *Andino,* 21 D. P. R. 225, en el cual la presunción fué destruída toda vez que la leche se ocupó inmediatamente a su llegada al depósito y antes de que el acusado hubiera tenido la oportunidad de examinarla. Además, la acusación en el caso ·de Pérez imputaba al acusado el hecho de que tenía y ofrecía leche en venta.

Un hombre que está en un camino fuera de la población conduciendo leche en carros, aunque con licencia, no puede ser declarado culpable de ofrecer leche en venta sin que exista prueba de alguna medida cuya contemplación sea hacer una venta. Si se hubiera probado que Martínez hizo una sola venta procedente de su carro antes de ser decomisada la leche el caso quedaría comprendido en el principio sentado en el caso de *El Pueblo* v. *Pérez, supra,* pero en ese caso había un sitio de costumbre para ofrecer leche en venta al público que estuvo abierto prácticamente todo el día en que se hizo el decomiso.

Debe revocarse la sentencia y absolverse al acusado.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.